You may proceed. Good morning, Your Honors and Counsel. Thank you, and may it please the Court. I'd like to reserve two and a half minutes of rebuttal time, please. The specific issue in this case is whether the district court possessed subject matter jurisdiction to adjudicate what one district judge in the Eastern District of Virginia deemed an end run around the plaintiff's constitutional rights by engaging in a course of judicial deception in order to circumvent a ruling under the compassionate release statutes that that judge on several occasions deemed appropriate, first at the initial hearing, second in denying a request for a stay, and third upon remand from the United States Court of Appeals for the Fourth Circuit. This Court will look to the actual conduct that is alleged in the complaint, irrespective of the label to which the plaintiff addresses it. So whether it's labeled false arrest, false imprisonment, malicious prosecution, it's the conduct itself that must be addressed to determine whether there's action. Do you agree that all of your causes of action, the causation for them, flows through the decision making of the prosecutor? No, I do not, Your Honor. How does it go around the decision making of the prosecutor? Well, the complaint itself and the search warrant affidavit were sworn to by an FBI agent. Right. But the prosecutor submits that to the agent, doesn't submit that directly. The prosecutor is going to review that and has to make a decision whether that is up to snuff. And isn't that the discretionary action we're talking about here? We submit it as not, Your Honor, because that would be an end run around protections that the Federal Tort Claims Act itself are designed to afford a litigant who alleges malicious prosecution. As the Court knows and as Judge Collins stated, a prosecutor will be involved at every stage of an investigation. However, the Congress was aware of that when it passed the law enforcement exception. Undoubtedly, they were aware of that because that is the common practice. And it is, I would submit, not the intention of Congress nor the courts to afford a law enforcement officer who engages in the type of conduct that we allege to rely on a prosecutor's involvement to skirt judicial review. What is that conduct? What is the violation that makes it non-discretionary? Is it the Franks violation, the failure to say what he was in prison for? It is. It essentially stems from the Franks violation, Your Honor. That's where it all comes from. And the Franks violation is they didn't state that he was in jail for a fraud offense. Correct, Your Honor. Is there more to it than that? Well, it's the we certainly haven't had any discovery or even reviewed the grand jury. In terms of what's pleaded, is the Franks violation the failure to say that it was it's one affidavit says he was in for 20 years? Yes. But it doesn't say. I mean, it's kind of odd because it's easy to say he's in for, you know, securities fraud or whatever the particular fraud was. But it's missing. It is. It does all stem from the intentional or reckless omissions from the initially the search warrant affidavit that then flowed into the criminal complaint affidavit, which both preceded the grand jury indictment. Yes, sir. You're not alleging that, you know, as in the Gee case, that there was something like flat out perjury that just making up facts and pushing it past the prosecutor's, you know, unwitting eye? Well, I don't know exactly what. No, I think the the FBI agent read in Jacksonville. We don't know how it was. He connected with the Northern District of California for venue, but he did reach out to a prosecutor who supervised according to the only all I know is from the fact that the prosecutor's name is attached to the affidavit that said he reviewed it for legal sufficiency, which is a standard practice in just about every prosecutor's office that I'm familiar with. Yes, sir. But it all does stem. But Judge Brinkema reviewed this as well, and she made a comment that in her opinion, and she is more informed than just about any judge in the case. I think she said she thought it was a clear Franks violation. She did. Something to that effect, is what I recall. And Judge Alsup never got a chance to even express his opinion on it because on the eve of the hearing, the case was dismissed in its entirety. But Judge Brinkema did say she thought there was clear evidence of a Franks violation and that she believed there was no probable cause, although she didn't use that exact terminology in her analysis at the very final hearing when Mr. Friese was allowed to return to Kosovo. But again, I get back to the just the idea that because a prosecutor is involved in the criminal justice system, that would blow a hole in the entire Federal Tort Claims Act statute. And no law enforcement officer could ever be held to account as a matter of fact because a prosecutor is almost always, 99.9 percent of the time, involved in some aspect of the decision to prosecute, whether it be reviewing the complaint for legal sufficiency, providing legal analysis of the statutes that are under investigation, agreeing that the venue is appropriate, whatever aspect the prosecutor is involved with. And let's just pick venue for one simple example because Mr. Friese never set foot in the Northern District of California, yet the charges were brought here and he was transported across the country in immigration custody when he was charged. He was in immigration custody in Pennsylvania and brought out here and arraigned three months later. So at some point, somebody had to review at least a venue allegation. And for computer fraud, venue can be just about anywhere. But it seems on its face, we would believe we would be able to prove, if given the opportunity to conduct discovery, which is where this case ultimately will go if it's reversed, as we argue, that the district was chosen because of the maximum inconvenience to Mr. Friese, who was clearly entitled to a compassionate release motion that both the District Court and Courts of Appeal in the Fourth Circuit approved. And was the vindictiveness part of the vindictiveness that we're alleging? I think, you know, Judge Alsup only gave an oral ruling, but you can get a sense from his comments during the hearing. He was worried about the breadth of your argument. And he seemed to discern that if you're claiming that what defeats the discretionary function exception is there's a constitutional violation because you don't have any discretion to violate the Constitution, that that would make every alleged constitutional violation actionable under the Federal Tort Claims Act, just across the board, that everyone who claims anything wrong in their prosecution, and suddenly everyone gets to file. And he just recoiled from the breadth of that and didn't see a middle line. Was he wrong to see that that's how broad your argument are, or is it narrower than you thought? In the first instance, I would think that's an issue for Congress to address. Congress passed the law enforcement exception in the wake of the Watergate scandals and the church that there needed to be a mechanism for people to pursue legal relief against law enforcement officers who are constrained by the Constitution. And the cases we cite in our brief all involve actions by law enforcement officers, whether it be a tax prosecution or some other type of criminal conduct. But unfortunately, you know, the case itself, this case itself, the breadth of the case is determined by the audacity of the FBI agent that we allege in taking umbrage at a district court's decision that this person who the government invested a lot of time and money in prosecuting was going to be released. And from what I understand, this district judge is not known particularly for being lenient towards terrorists, admitted terrorists, but she determined that a 20-year sentence needed to be reduced because of the discretion afforded to her. And the government agent specifically who was in charge of the underlying investigation chose to initiate a criminal investigation. Now, if he had gone no further than simply investigating and not swearing out a search warrant affidavit or not swearing out a criminal complaint, then I would agree with the government in the cases they would not be subject to the Federal Tort Claims Act or the law enforcement exemption. But once you initiate judicial process, you are then involving Article III judges in the decision to pursue this course of action that then puts them in the position of having to rule upon what we label as judicial deception, which is there's a number of cases that California recognizes what you call a judicial deception claim, which again is just a label, but it's the same thing. Whether the conduct alleged by Agent Reed is intentional or reckless, whether it is by omission or by affirmative misrepresentation, it is still actionable under the Federal Tort Claims Act. I guess I have a question. Weren't there several facts supporting probable cause? In addition to this fact that that is an omission, I think by all accounts seems to be an omission. Weren't there substantial facts that support probable cause regardless? Well, no judge ever ruled on that. So I think that is one avenue that I suppose this court could take, even though I would submit that that's for the district court in the first instance to do. But as I mentioned, Judge Brinkham, I thought otherwise. I think what the government argued in the court below was that the fact that the search warrant revealed the fruits of the search warrant provided some information that they then added to the complaint affidavit and said, look, what we said was accurate, is one argument that they could make. But again, as Judge Brinkham has stated, even with that additional information, these facts were known to the government in 2016. It was disclosed to the FBI when Mr. Fereese came to the United States and started negotiating for a plea bargain. So it's not anything that was new to the government. That's not. I don't see how that's relevant. It all seems to me to come down to the Franks violation. The fact that they didn't want him to get out of jail, is that a constitutional violation? Well, that would be a due process claim that, again, is a label. Well, suppose Judge Brinkham wants to let him out because of COVID, and he actually has uncharged murders, and somebody else looks at this and says, I'm not letting this guy out, and he should be tried for those murders. Absolutely. And then brings those charges. There'd be no due process violation in that circumstance. No, there wouldn't. So it all comes down to whether this charge was valid and supported by probable cause, which goes back to Franks. Well, if they knew about the murders before he engaged in the criminal, in the plea bargain for the terrorism charges, then that would be one thing. But they knew about them and chose not to pursue them. But that wouldn't matter because they might let the murder case sit because he's in for 20 years. But if he's going to get all of a sudden sprung after four years on, you know, offense of this kind of gravity, maybe they would think, well, now this other conduct we didn't look at maybe is worth a look. Well, all I could say to that, Your Honor, is I don't know off the top of my head what a federal murder sentence is, but a state murder statute in California is 25 to life. If there's special circumstances, it's life without parole or capital punishment. So without weighing the the potential sentence that he's facing, I do believe the sentences he was facing under the guidelines for the charges that were brought in in the Northern District were less than the 20 years. So they could not have extended his sentence beyond that. But they wanted to ensure that he served more time. They were simply unhappy. Well, when I say they, I mean, Agent Reed. I don't know who he was in coordination with. And I don't mean to bring the assistant U.S. attorney into this because he his conduct is discretionary. I agree with that wholeheartedly. But again, I see my. OK. You want to reserve your time for rebuttal? Yes, sir. OK. Thank you. Thank you very much. All right. Thank you. We'll hear now from Mr. Helland. Good morning, Your Honors, and may it please the court. Kelsey Helland on behalf of the United States. The district court correctly recognized in this case that a prosecutor's decision whether to bring charges against an individual is discretionary conduct. The district court also correctly recognized that the appellant has not alleged the violation of any kind of mandatory rule such that the prosecutor's conduct could be called nondiscretionary. The district court. Why isn't the Franks violation that nondiscretionary violation? For two reasons, Your Honor. First, there's no clear constitutional rule that required that the reliability information that the appellant alleges was. Why does it have to be a clear constitutional rule? Why not just a constitutional rule? The cases from the Supreme Court and this court talking about the kind of conduct that renders conduct nondiscretionary, the kind of rule that renders conduct nondiscretionary has to be specific. I looked at the Berkovitz case, the Lam case out of this court. In order for a rule to render conduct nondiscretionary such that the discretionary function exception does not apply, it has to provide clear guidance to the federal officer such that their conduct has no room for decision making. OK, so that this argument that it's a clear violation comes from the Berkovitz line of cases and has nothing to do with the qualified immunity argument that you've made as an alternative. That's right. It's from the Berkovitz line of cases. I think it also comes from the plain text of the statute that Congress enacted. You know, the policy behind the discretionary function exception recognized by Varig Airlines and Gaubert, you know, along the Berkovitz line of cases. Congress recognized that they didn't want judicial second guessing of executive branch decisions where there is proper room for decision. I think it's really odd to do this. I mean, this is a really long and detailed warrant application. And a lot rests on this M.I. figure in the warrant. And they know what he's in prison for. And they say he's in for 20 years, but they don't say that it's for fraud offense. And, you know, the rules of evidence treat offenses involving dishonesty is different when you're talking about witness credibility. Why leave something like that out? It's it's a few words to throw in. It seems very odd. I can't speak to why that kind of information was omitted. It is a long affidavit. I agree, Your Honor, 38 pages and supported by. Affidavits are always long. Certainly these kinds of affidavits. But that's an important fact. And so you acknowledge, though, it was a Frank's violation, correct? No, no, I don't think it was a Frank's violation. I don't think that omission was material. I think there's plenty of information from which this court could find that there was probable cause here. You're asking a judge to hold the information of a C.I. important and relevant for their consideration. One who was in jail for fraud. And you're not including that information in in the affidavit. That's not material. I don't think that's material here when there's so much additional information that supported probable cause. You look to the Reeves case or the Melling case. There's plenty of cases from this court that hold omission of an informant's past offense does not defeat probable cause and therefore is not material when there's other information that does support probable cause. Here you had the returns from the search warrant, documentary evidence showing that stolen PII was transferred in February 2018. By the way, the government didn't know in February of 2018 that the government didn't know in 2016, rather, sorry, when it interviewed the appellant that in February 2018, he was going to be coordinating coordinating with his brother to transfer that stolen information. In any event, there was testimony from a second informant who reported that she had been contacted and coordinated with the appellant's brother to set up those Bitcoin accounts. I don't I don't quibble with your your your position that there may have been sufficient information to support probable cause, but the fact that it's not included seems to be a glaring omission on the government's part. They should have included it. And I'm surprised that you're not even conceding that point. I would have included it myself, I think, Your Honor, but that doesn't mean that there wasn't probable cause here. It may have led to a Frank's hearing, but it would not have led to a Fourth Amendment violation. And in any event, there wasn't a clear rule in place at the time of the conduct that mandated that that information needed to be included. I would point the court to the Illinois versus Gates decision, landmark Supreme Court decision setting forth the probable cause standard. That case talked about the need for flexibility and a common sense approach in the probable cause evaluation. It specifically rejected the idea that there was a mechanical formula that had to be put in place for what needs to be included in a probable cause affidavit. You can't read Illinois versus Gates and the discretionary function exception and come to the conclusion that an agent needs to include specific information like what was included here, especially not under this court's subsequent decisions, finding probable cause even when reliability information was omitted. I mentioned earlier that there were two reasons why there was no violation here, and that brings me to the second one, which is simply that there was not a Fourth Amendment violation. There was probable cause. There was the documentary evidence. There was the testimony of the female informant. There was the appellant's past criminal history over five years of hacking. All of this was before the district court, when the district court rendered his decision that the prosecutor's decision here was discretionary. And I think it's worth taking a step back and remembering that the decision making does flow through the prosecutor. The general dynamics case from this court instructs that the court is to look at the prosecutor who has an independent obligation to decide whether evidence is sufficient to bring charges. The appellant talks about the role of the FBI agent, but ultimately it was the prosecutor who signed the legal sufficiency of the complaint. It was the prosecutor who presented evidence to the grand jury. And by the way, the complaint existed for about two weeks before there was a grand jury indictment. And the appellant admits that he doesn't know what was presented to the grand jury. So he does not know what the basis for the charges that he was actually, that were brought against him for. So he focuses on this sort of two-week period where there was a complaint and the indictment had not been filed. But he was held during the course of his prosecution under an indictment with charges, you know, presented to a grand jury. So I actually think that alone is fatal to his claim because he admits he does not know what was presented to the grand jury that brought the charges on which he was held. Was that information, they're sealed, but was that information presented? Do we know? I'm sorry, was it presented? Was it disclosed? Was it disclosed to the appellant? To the grand jury, the information about the CI? I do not know the answer, Your Honor. Again, it's sealed. Yeah. I don't know. Okay. Truthfully, Your Honors, the appellant had said below that he should have been granted leave to amend and he requests leave to amend here. I think that the reasons that he has put forward, the additions that he says he would make to his complaint are not sufficient. There's no reason to grant leave to amend here because he doesn't allege the kind of facts that this court and others have held would render the discretionary function exception inapplicable. He admits that there was no fabrication of evidence here. He admits that there was no perjury or witness tampering here. He does not say he's able to allege the kinds of things that would render the exception inapplicable. Claims that he makes about, you know, the constitutionality of the conduct, they're mere legal conclusions. They are not the type of thing that would allow this case to get past the discretionary function exception. So leave to amend was properly denied and nothing he said in his papers before this court should change that. Finally, Your Honors, I think it's clear that even if the discretionary function exception did not apply, the intentional tort exception would apply. The gravamen, as appellant admits, the court is to look at the gravamen of his complaint. That is, the facts underlying the charges and not the label. And just as in general dynamics, the gravamen here is the decision of a prosecutor to bring charges. But a prosecutor is not a law enforcement officer whose conduct can give rise to liability under the intentional tort exception. I'd point the court to the Manan Singh decision, which recognizes that. So it really boils down to whether the court views the alleged conduct here as resulting out of the acts of a prosecutor or an investigator who admittedly had to go through a prosecutor for charges to be filed. We think it's clear that it was the prosecutor at issue here and therefore the intentional tort exception also applies. If the court has no further questions, we would request that the court affirm the district court. Thank you. Thank you. All right. We'll hear rebuttal now. On page 27 of my brief, I address the case of Miles versus United States, which specifically alleges malicious prosecution cases where the court allowed a case to go forward with allegations of fabrication of evidence, witness tampering, lies under oath. Lies under oath are a Frank's violation, whether they are intentional or reckless, or by omission or by affirmative misrepresentation and that the discretionary function immunity does not shield the United States from liability in those circumstances. That is as specific as a rule as is needed because every case is different. This is not a qualified immunity analysis where you have to have an analogous case where point by point, and I know that's a raging debate throughout the United States, but we don't need to be that specific. But, and I'm going to mispronounce this, so I'm sorry, but Saoxingzi versus Haugen is this case. In that case, the government alleged, the plaintiff alleged that the FBI agent knowingly and deliberately or with reckless disregard for the truth made materially false statements or omissions in a warrant application. That is as simple as a statement as what we have here. Now, whether or not the claim itself addresses whether it was made in the search warrant affidavit or the criminal complaint, that is the allegation we have. On page 841 of Xi versus Haugen, they go through and I mean, it's like blatant lies where the affidavit says one thing and they know the fact is the opposite of what is said in the affidavit. Do you have anything like that here? Well, I don't know what the criminal, what was presented to the grand jury, so I have to push that part of it to the side. But, again, what Judge Mendoza was saying about the materiality of a confidential informant who's alleged to be a fraudster I think is a deliberate omission that makes a difference and a judge. But Xi is more egregious than the conduct that you've described here, isn't that? I would say so. I would agree with that. I mean, but it doesn't have to be as egregious to be egregious enough to pass muster under the Federal Tort Claims Act discretionary, you know, immunity exception or function, excuse me. There's no bar below which wrongdoing by a law enforcement officer is, should be allowed to evade judicial review because that would just be a license for every law enforcement officer to go down that road and just do just enough to fall below the threshold where a judge could pass conduct on it. What we're asking for at this point in time is an opportunity to engage in a fact-finding analysis on our allegations, which we believe pass that bar of discretionary immunity to reach the factual determination of whether a probable cause exists. And I think my time is up.  Okay. All right. Thank you, counsel. Thank you very much, your honor. It was a pleasure to meet you. We appreciate both counsel for your helpful arguments in this case. And the case of Farizi versus United States will stand submitted. Thank you. Have a good day.
judges: COLLINS, VANDYKE, MENDOZA